# SEWARD & KISSEL LLP

ONE BATTERY PARK PLAZA

NEW YORK, NEW YORK 10004

BRUCE G. PAULSEN
PARTNER
(212) 574-1533
paulsen@sewkis.com

TELEPHONE: (212) 574-1200
FACSIMILE: (212) 480-8421
WWW.SEWKIS.COM

901 K STREET, NW
WASHINGTON, DC 20001
TELEPHONE: (202) 737-8833
FACSIMILE: (202) 737-5184

January 16, 2015

**VIA ECF AND EMAIL**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   F5 Capital v. Pappas, et al.,
C.A. No 14-cv-9356

Dear Judge Torres:

We represent nominal defendant Star Bulk Carriers Corporation ("Star Bulk") and certain other entity defendants,[1] as well as individual defendants Petros Pappas, Milena Maria Pappas, Tom Softeland, Spyros Capralos, Koert Erhardt, and Stelios Zavvos (collectively, the "Individual Defendants"). Star Bulk, the Entity Defendants and the Individual Defendants are all foreign. Pursuant to Sections I.E., III.A. and III.B. of Your Honor's Individual Rules of Practice in Civil Cases, we write to request a pre-motion conference in respect of the parties' motion to dismiss Plaintiff F5 Capital's ("F5") complaint. Star Bulk, the Entity Defendants and the Individual Defendants also join in the pre-motion letters transmitted by the other defendants today. We refer to Section 1 of the letter of Andrew Ehrlich filed today (the "Ehrlich Letter") for the background of the case.

Pursuant to Rule III.A.iii., transmission of this letter stays defendants' time to answer or move to dismiss this case. Star Bulk, the Entity Defendants and the Individual Defendants state that they have complied with Rule III.B.i. We note that F5's response to Star Bulk and the Individual Defendants and the Entity Defendants did not cite any "controlling authorit[ies] that support the pleadings as filed," as the Individual Rules require.

---

[1]     Star Synergy LLC, Star Omas LLC, Oceanbulk Shipping LLC, Oceanbulk Carriers LLC, Millenia Limited Liability Company, Millenia Holdings LLC, Mirabel Shipholding & Invest Limited, Mirach Shipping Company Limited, Heron Ventures Ltd. and Bluesea Invest and Holding Limited (the "Entity Defendants"). The defendant status of Oceanbulk Shipping LLC and Bluesea Invest & Holding Limited is subject to amendment of the complaint as set out on pages 4-5 below.

The Honorable Analisa Torres
January 16, 2015
Page 2

**The Complaint Should Be Dismissed As To**
**The Entity Defendants And Individual Defendants**
**For Lack Of Personal Jurisdiction**

       The Complaint should be dismissed as to the Entity Defendants and the Individual Defendants for lack of personal jurisdiction. Fed. R. Civ. Proc. 12(b)(2). The Complaint alleges that the Entity Defendants and the Individual Defendants are not citizens of the United States, and does not suggest that they are otherwise domiciliaries of the State of New York. Plaintiff's sole jurisdictional allegation as to the Entity Defendants and the Individual Defendants is, at most, that some of them purportedly "engaged in the complained-of wrongful acts for personal gain in the County of New York and/or submitted to jurisdiction and venue in New York." *See*, *e.g.*, Compl. ¶ 14. Plaintiff's "conclusory non-fact specific jurisdictional allegations" are insufficient to survive a motion to dismiss. *Cornell v. Assicurazioni Generali S.p.A.*, No. 97 Civ. 2262, 2000 U.S. Dist. LEXIS 110004, at *5 (S.D.N.Y. Aug. 2, 2000) (citing *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998)).

       The first part of that Plaintiff's allegation, "engaged in the complained-of wrongful acts for personal gain in the County of New York," apparently purports to invoke CPLR 302(a)(2), which provides for jurisdiction over non-domiciliaries for tortious acts committed in the state. But the Complaint does not even attempt to identify any tortious acts that these foreign Defendants committed in the state of New York. We understand that Plaintiff now may seek to assert personal jurisdiction pursuant to CPLR 302(a)(3), for tortious acts committed outside the state causing injury within the state. That assertion also fails. Plaintiff has not pleaded any of the jurisdictional prerequisites to that provision, such as regular conduct or solicitation of business in New York by *any* of the Entity Defendants or Individual Defendants, in the Complaint.

       Most importantly, as a matter of law, no injury has been suffered in New York. In a derivative action such as this one, the injury is suffered by the nominal defendant at its place of incorporation – here, the Republic of the Marshall Islands. *See, e.g., Hartsel v. Vanguard Group, Inc.*, No. 53394-VCP, 2011 Del. Ch. LEXIS 89, at *53-54 (Del. Ch. June 15, 2011). Plaintiff's dilution claim (Third Cause of Action) is properly characterized as a derivative claim (*see* Ehrlich Letter at 4). But even if the dilution claim is direct, or for some reason the injury alleged in the derivative claims is not viewed as occurring in the Marshall Islands, F5 still cannot claim any injury occurred in New York. Plaintiff F5 is a Cayman entity with its principal office in the Cayman Islands, and it suffered its injury (if any) in the Cayman Islands. "'When an alleged injury is purely economic, the place of injury usually is where the plaintiff resides and sustains the economic impact of the loss.'" *Beach v. Kelly*, 12 Civ. 7717 (PKC), 2014 U.S. Dist. LEXIS 30032, at *27 (S.D.N.Y. Mar. 7, 2014) (quoting *Global Fin. Corp. v. Triarc Corp.*, 93 N.Y.2d 525, 529, 715 N.E.2d 482, 485 (1999)). Nor can Plaintiff assert the injury of a non-named putative class member to justify long-arm jurisdiction under CPLR 302(a)(3). *Id.* at *16-17; *Selman v. Harvard Med. Sch.*, 494 F. Supp. 603, 613 n.6 (S.D.N.Y. 1980). Finally, because the Complaint alleges no conduct by the Individual Defendants and the Entity Defendants directed to New York, due process considerations preclude a finding of personal jurisdiction in this case. *See Walden v. Fiore*, 134 S. Ct. 1115, 1125 (2014).

The Honorable Analisa Torres
January 16, 2015
Page 3

The second part of the jurisdictional allegation, that Defendants "submitted to jurisdiction and venue in New York" rests on the assertion that New York forum selection clauses in the Merger Agreement and other agreements related to the Oceanbulk Merger give rise to personal jurisdiction over all of the Entity Defendants and Individual Defendants. *See* Compl. ¶ 8. However, Plaintiff cannot base personal jurisdiction over the Entity Defendants or the Individual Defendants on those agreements, as Plaintiff was not a party to any of them and they specifically exclude third-party beneficiaries. Moreover, certain defendants were not parties to any of those agreements. And the fact that some of the Individual Defendants (but not all of them) were directors or officers of Star Bulk at the time the Merger Agreement or other agreements were made does not bind them personally to the agreements. *Bolt v. Kirley*, No. 12 Civ. 0583, 2012 U.S. Dist. LEXIS 150277, at *8-9 (S.D.N.Y. Oct. 17, 2012).[2]

Even if Defendants could somehow be held to agreements to which Plaintiff and some Defendants are not parties, the Plaintiff is not asserting Star Bulk's contractual rights under the agreements, but is making claims related to corporate governance. It cannot bootstrap some defendants' assent to New York jurisdiction for disputes related to the agreements to a finding that those defendants (much less defendants who are not parties to the agreements) assented to New York jurisdiction for corporate law claims of (i) breach of a corporate fiduciary duty by Star Bulk directors, (ii) aiding and abetting such supposed breaches against other defendants or (iii) dilution as a matter of improper board governance. Those claims, as a matter of corporate law, concern rights separate from the agreements and therefore do not "aris[e] out of or in connection with" them; rather, "it has not traditionally been thought that a contractual forum selection provision in the transaction agreement governed the stockholder plaintiffs' claims for breach of fiduciary duty and aiding and abetting." *OTK Assocs. v. Friedman*, 85 A.3d 696, 720-21 (Del. Ch. 2014) (finding New York contract forum selection clause did not apply to corporate governance claims).

Moreover, the Complaint makes claims with respect to three separate transactions – the Oceanbulk Merger, the Excel Transaction, and certain service contracts. Even if personal jurisdiction could be found over any of the Entity Defendants or Individual Defendants for the Oceanbulk Merger, that specific and limited jurisdiction would not extend to the Excel Transaction or the service contracts, as specific jurisdiction must be analyzed separately for each claim. *Seldon v. Magedson*, No. 11 Civ. 6218, 2012 U.S. Dist. LEXIS 141209, at *8 (S.D.N.Y. Sept. 28, 2012). For all these reasons, Plaintiff has failed to allege a basis for the Court's exercise of personal jurisdiction over the Entity Defendants and the Individual Defendants and the Complaint must be dismissed as to them.

---

[2]     Because Star Bulk is a Marshall Islands corporation, under the internal affairs doctrine the law of the Marshall Islands applies to its corporate acts as well as the relations and obligations of its directors and shareholders. Marshall Islands law draws on the "law of the state of Delaware and other states of the United State of America with substantially similar legislative provisions" for the application and construction of the Marshall Islands Business Corporation Act and adopts the non-statutory law of Delaware and states with similar laws as its non-statutory law. 52 MIRC, Part 1, § 13.

The Honorable Analisa Torres
January 16, 2015
Page 4

**The Complaint Should Be Dismissed**
**As To Certain Individual Parties**
**Because Service Upon Them Was Insufficient**

        The complaint should be dismissed as to the Individual Defendants, and defendant Renee Kemp (with the Individual Defendants, the "Service Defendants"), on the basis of insufficient service of process.  Fed. R. Civ. Proc. 12(b)(5).  Plaintiff purported to serve the Service Defendants at the New York offices of non-party Star Bulk (USA) LLC, followed by mailing process to the Service Defendants at the same location.

        Plaintiff attempted service on the Service Defendants under New York CPLR 308(2), which prescribes the manner of service on an individual at his or her "actual place of business."  However, the Service Defendants are not employed by, and do not have any ownership or operating interest in, Star Bulk (USA) LLC.  Nor do the Service Defendants regularly transact business out of Star Bulk (USA) LLC's office in New York.  Although Plaintiff asserts that an employee of Star Bulk (USA) LLC at that location accepted service, even where an employee at a business where service is effected tells the process server that he or she is authorized to accept service, a defendant is not estopped from objecting to the improper service.  *See Lorensen v. Digman*, No. 97 CV 0997, 1998 U.S. Dist. LEXIS 861, at *6 (N.D.N.Y. Jan. 27, 1998).

        The Complaint should, therefore, be dismissed as to the Service Defendants.  *See Kwan v. Schlein*, 441 F. Supp. 2d 491, 497 (S.D.N.Y. 2006) (service on publishing company's office manager did not constitute service at defendant's "actual place of business" because defendant did not work there); *Lorensen*, No. 97 CV 0997, 1998 U.S. Dist. LEXIS 861, at *4-5 (service insufficient where individual served at a business where he did not work or regularly transact business, and in which he did not have an operating or ownership interest) (citing *Bridgehampton Nat'l Bank v. Watermill Heights Assoc.*, 157 Misc. 2d 246 (N.Y. Sup. Ct. 1993) and *Columbus Realty v. Weng-Heng Tsiang*, 226 A.D.2d 259 (1st Dep't 1996)).  A motion under Rule 12(b)(5) may be brought prior to the passage of the 120 day limit on service within the United States under Rule 4(m).  2-12 *Moore's Fed. Prac.* § 12.33[2] (3d ed. 2014) (12(b)(5) defense must be asserted in first Rule 12 motion, first responsive pleading, or amendment permitted as a matter of course); *Lorensen*, No. 97 CV 0997, 1998 U.S. Dist. LEXIS 861, at *2-3 (motion made 86 days after filing complaint and 76 days after service).

**Defendant Status of Bluesea Invest and**
**Holding Limited and Oceanbulk Shipping LLC**

        Separately, Bluesea Invest and Holding is misnamed as "Bluesea Oceanbulk Shipping LLC" in the title of the Complaint.  Oceanbulk Shipping LLC is mentioned in the body of the Complaint.  Compl. ¶ 42.  Oceanbulk Shipping, however, is not named as a party in the title of F5's Complaint, which implies that this entity is not in fact a party to this action.  *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties.").  Indeed, the docket indicates that Oceanbulk Shipping LLC was never served.  We are, however, mindful of the Court's policy of "liberally grant[ing] the plaintiff leave to amend" to correct scrivener's errors.  Individual Rule III.B.i.  Bluesea Invest and Holding Limited and Oceanbulk Shipping LLC

The Honorable Analisa Torres
January 16, 2015
Page 5

therefore will not oppose a motion by F5 to add them to the caption of the Complaint, without prejudice to any rights, remedies, or defenses that they or any other defendant may have, including, without limitation, as to personal jurisdiction.

**Conclusion**

        Star Bulk, the Entity Defendants and the Individual Defendants request, in conjunction with the requests made by the other Defendants, that the Court schedule a conference for their proposed motions to dismiss. We respectfully request that Your Honor schedule the pre-motion conference for February 5, 2015 at 4:15 p.m., to take place at the same time as the already-scheduled initial pretrial conference.

Respectfully yours,

/s/ Bruce G. Paulsen
Bruce G. Paulsen

SK 16271 0159 6327293 v3