**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| F5 CAPITAL, A CAYMAN ISLANDS CORPORATION, | No. 14-cv-09356 (AT) (MHD) |
| Plaintiff, | Oral Argument Requested |
| -against- | |
| PETROS PAPPAS, *et al.*, | |
| Defendants, | |
| -and- | |
| STAR BULK CARRIERS CORP., | |
| Nominal Defendant. | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO CERTAIN DEFENDANTS' MOTION TO DISMISS THE COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS**

Dated:  April 17, 2015

Mark C. Rifkin
Benjamin Y. Kaufman
Lydia Keaney Reynolds
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
270 Madison Ave.
10th Floor
New York, NY  10016
(212) 545-4600

*Attorneys for Plaintiff F5 Capital*

## TABLE OF CONTENTS

PAGE(S)

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ........................................................................................................... 1

ARGUMENT .................................................................................................................. 2

I.     THE COMPLAINT ESTABLISHES PERSONAL JURSIDCTION
OVER ALL DEFENDANTS ................................................................................ 2

     A.     Defendants' Motion to Dismiss is Premature, Insofar as
Defendants Have Failed to Produce the Requisite
Jurisdictional Discovery ........................................................................ 2

     B.     The Oceanbulk Merger Agreement and the Shareholder
Agreements  Provide for Jurisdiction in the State of New York .......... 3

     C.     Star Bulk, On Whose Behalf Plaintiff Has Brought This Action,
Is a Party to the Agreements Containing the Jurisdiction Clauses ....... 7

     D.     Long-Arm Jurisdiction Exists Pursuant to CPLR 302 ......................... 8

     E.     Personal Jurisdiction Exists Under N.Y. GOB Law § 5-1402 ........... 10

II.    THE DEFENDANTS HAVE BEEN PROPERLY SERVED ....................... 10

CONCLUSION ............................................................................................................ 12

i

# TABLE OF AUTHORITIES

**CASES**                                                                                    **Page(s)**

*Allojet PLC v. Vantage Associates,*
   No. 04-cv-05223(SAS), 2005 U.S. Dist. LEXIS 4006 (S.D.N.Y. Mar. 15, 2005)......................2

*APA Excelsior III LP v. Premiere Techologies, Inc.,*
   49 F. Supp. 2d 664 (S.D.N.Y. 1999)......................................................................................8

*Aqua Shield, Inc. v. Inter Pool Cover Team,*
   No. 05-cv-4880-CBA, 2007 U.S. Dist. LEXIS 90319 (E.D.N.Y. Dec. 7, 2007) ......................11

*Bolt v. Francis P. Kirley and Nexion Health, Inc.,*
   No. 12-cv-0583-JPO, 2012 U.S. Dist. LEXIS 150277 (S.D.N.Y. Oct. 17, 2012)...............5, 6-7

*Bensinger v. Denbury  Resources, Inc.,*
   No. 10-cv-1917, 2011 U.S. Dist. LEXIS 91905 (E.D.N.Y. Aug. 17, 2011) ...............................8

*Brooke Group Ltd. v. JCH Syndicate 488,*
   87 N.Y.2d 530 (1996)................................................................................................3, 5

*Casville Investments Ltd. v. Kates,*
   No. 12-cv-6968(RA), 2013 U.S. Dist. LEXIS 95426 (S.D.N.Y. July 8, 2013) .........................8

*Harry Casper, Inc. v. Pines Associates, L.P.,*
   53 A.D.3d 764 (3d Dep't 2008) ......................................................................................7, 8

*Ingres Corp. v. CA, Inc.,*
   8 A.3d 1143 (Del. 2010)................................................................................................3, 5

*IRB-Brasil Resseguros, S.A. v. Inepar Investments S.A.,*
   20 N.Y.3d 310 (2012)....................................................................................................10

*Lorensen v. Digman,*
   No. 97 CV 0997, 1998 U.S. Dist. LEXIS 861 (N.D.N.Y. Jan. 27, 1998)............................10-11

*National Union Fire Co. of Pittsburgh, Pa. v. Source One Staffing, LLC,*
   36 Misc. 3d 1224(A) (Sup. Ct. N.Y. Co. 2012)....................................................................7

*OTK Associates v. Friedman,*
   85 A.3d 696 (Del Ch. 2014) .........................................................................................6, 7

*Parfi Holding AB v. Mirror Image Internet, Inc.,*
   817 A.2d 149 (Del. 2002).........................................................................................5-6, 7

*Pierce v. Globeop Fin. Servs. LLC*,
No. 601250/09, 2009 N.Y. Misc. LEXIS 5093 (Sup. Ct. N.Y. Co. Nov. 5, 2009) ...............5, 8

*Sagarra Inversiones, S.L. v. Cementos Portland Valderrivas, S.A.*,
34 A.3d 1074 (Del. 2011) ...........................................................................................8

*Schleiff v. Baltimore & Ohio Railroad Co.*,
130 A.2d 321 (Del. Ch. 1955) .....................................................................................7

*Sterling National Bank v. Eastern Shipping Worldwide*,
35 A.D.3d 222 (1st Dep't 2006) ..................................................................................3

*Texas International Magnetics, Inc. v. BASF Aktiengesellschaft*,
31 F. App'x 738 (2d Cir. 2002) ...................................................................................2

*Trenwick America Litigation Trust v. Ernst & Young, L.L.P.*,
906 A.2d 168 (Del. Ch. 2006) ..................................................................................7, 8

*Triple Z Postal Services v. UPS*,
13 Misc. 3d 1241(A) (Sup. Ct. N.Y. Co. 2006).............................................................7

*Tzolis v. Wolff*,
10 N.Y.3d 100 (2008) .................................................................................................8

## STATUTES & RULES

Federal Rules of Civil Procedure
4(f).........................................................................................................................11
4(m) .......................................................................................................................11

New York Civil Practice Law and Rules
302...........................................................................................................................1
302(a)(2) ...............................................................................................................3, 9
302(a)(3) ...............................................................................................................3, 9
308(2) .....................................................................................................................10

New York General Business Obligations Law
§ 5-1402....................................................................................................................3
§ 5-1402(1)(a) ........................................................................................................10
§ 5-1402(1)(b)........................................................................................................10

Plaintiff F5 Capital ("Plaintiff" or "F5"), by and through its undersigned counsel, hereby submits this Memorandum of Law in Opposition to Certain Defendants'[1] Motion to Dismiss the Complaint for Lack of Personal Jurisdiction and Insufficient Service of Process.

## INTRODUCTION

Plaintiff has properly brought this action against all of the named Defendants, including the Service Defendants, Entity Defendants, and Individual Defendants. As set forth in the Complaint, the Merger Agreement (which many of the Entity Defendants signed) as well as various Shareholder Agreements (which several other Entity Defendants and the Individual Defendants signed) contain broad forum selection provisions which expressly provide that all claims arising from the *Oceanbulk Merger* – not merely from the Merger Agreement – may be litigated here in New York. Defendants do not, and indeed, cannot, deny that Plaintiff's claims for breach of fiduciary duty and its dilution are directly related to the Oceanbulk Merger.

In addition, the Individual Defendants have sufficient contacts with the State of New York to warrant the application of long-arm jurisdiction under CPLR 302. Star Bulk shareholder meetings regularly take place in New York City, and the Oceanbulk Merger was largely negotiated in New York. Further, Plaintiff has sought substantial discovery from Defendants in order to better ascertain the precise nature of Defendants' contacts with New York State; however, Defendants have yet to produce any documents in response to Plaintiff's request. Thus, Defendants' motion to dismiss the complaint for lack of jurisdiction is, at best, wholly premature.

---

[1] This Motion to Dismiss was brought by Petros Pappas, Milenia Maria Pappas, Tom Softeland, Spyros Capralos, and Koert Erhardt (the "Individual Defendants"), together with Stelios Zavvos and Renee Kemp, the ("Service Defendants"), as well as by Star Synergy LLC, Star Omas LLC, Oceanbulk Carriers LLC, Millenia Limited Liability Company, Millenia Holdings, Mirabel Shipholding & Invest Limited, Mirach Shipping Company Limited, Bluesea Invest and Holding Limited, and Heron Ventures Ltd. (the "Entity Defendants").

1

Finally, Plaintiffs properly served all of the Service Defendants at the offices of Star Bulk in New York, and is in the process of serving various foreign Defendants *again* at their overseas offices or residences, and thus Defendants' motion to dismiss on these grounds is likewise meritless and premature.[2]

## ARGUMENT

I.   **THE COMPLAINT ESTABLISHES PERSONAL
     JURISDICTION OVER ALL DEFENDANTS**

   A.   **Defendants' Motion to Dismiss is Premature, Insofar as Defendants
        Have Failed to Produce the Requisite Jurisdictional Discovery**

As an initial matter, the Individual and Entity Defendants' motion to dismiss the complaint for lack of personal jurisdiction is premature.  Plaintiff has sought discovery from Defendants to substantiate the Court's jurisdiction over all the Defendants.  Courts routinely permit discovery into issues pertaining to jurisdiction at an early stage of litigation, and this action is no exception.  *See*, *e.g.*, *Tex. Int'l Magnetics, Inc. v. BASF Aktiengesellschaft,* 31 F. App'x 738, 739 (2d Cir. 2002); *Allojet PLC v. Vantage Assocs.*, No. 04-cv-05223(SAS), 2005 U.S. Dist. LEXIS 4006, at *43-44 (S.D.N.Y. Mar. 15, 2005) ("In deciding a pretrial motion to dismiss for lack of personal jurisdiction a district court has considerable procedural leeway, and a district court may grant jurisdictional discovery…" (internal citations omitted)).  Indeed, on February 5, 2015, the Court entered an order expressly permitting such jurisdictional discovery (Dkt. No. 37).

Pursuant to the Court's Order, Plaintiff served document requests upon all Defendants on February 13, 2015, and served interrogatories on March 13, 2015.  Although Defendants responded to Plaintiff's request for documents, indicating that they would produce responsive

---

[2] Plaintiff incorporates by reference the Factual Background in Plaintiff's Memorandum of Law in Opposition to All Defendants' Joint Motion to Dismiss.

documents pertaining to jurisdiction, as of April 17, 2015, no discovery whatsoever has been produced by any of the Defendants, including the Individual and Entity Defendants.

Despite the lack of jurisdictional discovery, the Complaint nonetheless establishes personal jurisdiction over the Individual and Entity Defendants insofar as the Merger Agreement at the center of this action contains a forum selection clause which explicitly provides for New York jurisdiction, and because the complaint adequately alleges jurisdiction under CPLR § 302(a)(2) and (3) as well as N.Y. Gen. Obl. Law § 5-1402.  However, if the Individual and Entity Defendants have raised jurisdictional objections that are not resolved by the Complaint itself, the Court should delay deciding their motion until Defendants have produced discovery, including documents, interrogatory responses and, if necessary, deposition testimony, regarding the Court's personal jurisdiction over them.

      **B.**     **The Oceanbulk Merger Agreement and the Shareholder Agreements Provide for Jurisdiction in the State of New York**

The Entity Defendants, as well as several of the Individual Defendants, have explicitly agreed to submit to the jurisdiction of this Court insofar as they have signed documents containing broad forum selection clauses which provide for jurisdiction in the federal and state courts of New York over claims relating to the Oceanbulk Merer.  The Oceanbulk Merger – a wholly conflicted and self-interested transaction on the part of the Individual and Entity Defendants – lies at the heart of this action.  Under New York law such written consents to jurisdiction are presumptively valid and are enforced unless "shown by the resisting party to be unreasonable."  *Brooke Group Ltd. v. JCH Syndicate 488*, 87 N.Y.2d 530, 534 (1996); *Sterling Nat'l Bank v. E. Shipping Worldwide*, 35 A.D.3d 222, 222-23 (1st Dep't 2006).  Delaware law is analogous on this point.  *See, e.g.*, *Ingres Corp. v. CA, Inc.*, 8 A.3d 1143, 1146 (Del. 2010) (forum selection clauses are "presumptively valid").  Thus, there is simply no denying the fact

3

that this Court retains personal jurisdiction over at least several of the Entity and Individual

Defendants.

      The Individual and Entity Defendants were parties to the following agreements, which in

turned contained the following forum selection clauses:

-  Entity Defendants Star Synergy LLC, Star Omas LLC, Millenia Limited Liability Company, and Millenia Holdings LLC, all signed the June 16, 2014 Agreement and Plan of Merger, which provides that "EACH OF THE PARTIES HERETO CONSENTS TO THE JURISDICTION OF ANY STATE OR FEDERAL COURT SITTING IN MANHATTAN IN NEW YORK CITY OR IN THE FEDERAL SOUTHERN DISTRICT IN THE STATE OF NEW YORK AND ANY APPELLATE COURT THEREFROM LOCATED IN NEW YORK, NEW YORK AND IRREVOCABLY AGREES THAT ALL ACTIONS OR PROCEEDINGS RELATING TO THIS AGREEMENT, *THE MERGER,* OR OTHER TRANSACTION CONTEMPLATED BY THIS AGREEMENT MAY BE LITIGATED IN SUCH COURTS.  EACH OF THE PARTIES HERETO ACCEPTS FOR ITSELF AND IN CONNECTION WITH ITS RESPECTIVE PROPERTIES, GENERALLY AND UNCONDITIONALLY, THE JURISDICTION OF THE AFORESAID COURTS AND WAIVESA NY DEFENSE OF FORUM NON CONVENIENS, AND IRREVOCABLY AGREES TO BE BOUND BY ANY FINAL AND NONAPPEALABLE JUDGMENT RENDERED THEREBY IN CONNECTION WITH THIS AGREEMENT, THE MERGER, OR THE OTHER TRANSACTIONS CONTEMPLATED BY THIS AGREEMENT." Merger Agreement, Section 12.8, Ex. A to Paulsen Decl (emphasis added).

- Entity Defendants Mirabel Shipholding & Invest Limited, Mirach Shipping Company Limited, and Bluesea Invest & Holding Limited all signed a Share Purchase Agreement in connection with the Oceanbulk Merger which provides: EACH OF THE PARTIES HERETO CONSENTS TO THE JURISDICTION OF ANY STATE OR FEDERAL COURT SITTING IN MANHATTAN IN NEW YORK CITY OR IN THE FEDERAL SOUTHERN DISTRICT IN THE STATE OF NEW YORK AND ANY APPELLATE COURT THEREFROM LOCATED IN NEW YORK, NEW YORK AND IRREVOCABLY AGREES THAT ALL ACTIONS OR PROCEEDINGS RELATING TO THIS AGREEMENT OR *THE TRANSACTIONS CONTEMPLATED BY THIS AGREEMENT*  MAY BE LITIGATED IN SUCH COURTS.  EACH OF THE PARTIES HERETO ACCEPTS FOR ITSELF AND IN CONNECTION WITH ITS RESPECTIVE PROPERTIES, GENERALLY AND UNCONDITIONALLY, THE JURISDICTION OF THE AFORESAID COURTS AND WAIVESA NY DEFENSE OF FORUM NON CONVENIENS, AND IRREVOCABLY AGREES TO BE BOUND BY ANY FINAL AND NONAPPEALABLE JUDGMENT RENDERED THEREBY IN CONNECTION WITH THIS AGREEMENT, THE

MERGER, OR THE OTHER TRANSACTIONS CONTEMPLATED BY THIS AGREEMENT. *See* June 16, 2014 Shareholder Agreement Section 12.8, Ex. B to Paulsen Decl (emphasis added). The Oceanbulk Merger is referenced throughout the June 16 Shareholder Agreement and thus is one of the "transactions contemplated" by that agreement.

- Individual Defendants Petros Pappas and Milenia Pappas, along with Entity Defendants Star Bulk and Millenia Holdings LLC, signed a July 11, 2014 Shareholder Agreement which provided that "each party (a) irreovacbly and unconditionally submits to the personal jurisdiction of the federal courts of the federal courts [sic] of the United States of America located in the City and County of New York or the courts of the State of New York located in the City and County of New York, (b) agrees that it will not attempt to deny or defeat such personal jurisdiction by motion or other request for leave from any such court…" *See* Shareholder Agreement by and among Star Bulk and the Pappas Shareholders, Section 5.8, Ex. A to the Declaration of Benjamin Kaufman in Support of Plaintiff's Memorandum of Law in Opposition to the Motions to Dismiss (the "Kaufman Decl.").

In their brief, the Individual and Entity Defendants rely heavily upon *Bolt v. Kirley*, No. 12-cv-0583-JPO, 2012 U.S. Dist. LEXIS 150277, at *13 (S.D.N.Y. Oct. 17, 2012), to contest personal jurisdiction. However, *Bolt* is readily distinguishable from the instant action on several grounds. First, in *Bolt*, the defendant signed the shareholder agreement only in his capacity as a corporate officer – not an individual. *Id*. at *11. Here, the Entity Defendants signed several agreements, and Individual Defendants Petros Pappas and Milenia Pappas signed the July 11, 2014 Shareholder Agreements (which Defendants conspicuously omit from their memorandum of law) in their individual capacities. Thus, the jurisdiction clauses in the Merger Agreement and the Shareholder Agreements clearly bind the Entity Defendants as well as Individual Defendants Petros Pappas and Milenia Pappas. *Brooke Group*, 87 N.Y.2d at 534; *Ingres Corp.*, 8 A.3d at 1146; *see also Pierce v. Globeop Fin. Servs. LLC*, No. 601250/09, 2009 N.Y. Misc. LEXIS 5093 at *4 (Sup. Ct. N.Y. Co. Nov. 5, 2009).

*Second*, in *Bolt*, the court found that the plaintiff's claims in that case did not "arise[] out of or in connection with" that particular shareholder agreement. *Id*. at *12-13. Defendants rely

5

upon *Bolt*, as well as *Parfi Holding AB v. Mirror Image Internet, Inc.*, 817 A.2d 149, 156 n.24

(Del. 2002)*, and *OTK Assocs. v. Friedman*, 85 A.3d 696 (Del Ch. 2014), to support their

argument that "a contractual forum selection provision in the transaction agreement [does not]

govern[] the stockholder plaintiffs' claims for breach of fiduciary duty and aiding and abetting."

Def. Br. at 11.[3]   However, the narrow forum selection clauses in those cases differed materially

from the broader forum selection clause in the Merger Agreement and in the Shareholder

Agreements in one important respect.   Unlike the forum selection clauses in those other cases,

the forum selection clauses in this case confer personal jurisdiction over the Entity Defendants,

Petros Pappas, and Milenia Pappas in any action relating not just to the Merger Agreement, ***but

to the Oceanbulk Merger itself***.

Here, the jurisdiction provision in the Merger Agreement provides that "all actions or

proceedings relating to . . . ***the merger*** . . . may be litigated" in New York state or federal courts.

Merger Agreement Section 12.8, Ex. A to Paulsen Decl. (emphasis added).   Likewise, the June

16 and July 11 Shareholder Agreements broadly confer jurisdiction over claims ***relating to the

Oceanbulk Merger***, not just to claims arising under the Shareholder Agreements themselves.

The Entity Defendants' and the Individual Defendants' argument ignores the broad language in

the jurisdiction provisions in these agreements, pretending that they are limited just to the

Merger Agreement when, in fact, they are not.

---

[3] As an initial matter, with respect to the jurisdictional issues, Defendants offers no support for its supposition that "the law of the Republic of the Marshall Islands applies to [Star Bulk's] corporate acts as well as the relations and obligations of its directors and shareholders under the internal affairs doctrine." Def. Br. at 11, n.9.   Indeed, in *Bolt*, the New York federal court applied Delaware law to the interpretation of the merger agreement at issue there because the agreement contained a clause which explicitly stated that Delaware law would apply.   *Bolt*, 2012 U.S. Dist. LEXIS 150277, at *7.   The Merger Agreement at issue in this action explicitly provides that the Agreement "will be deemed to be made in and in all respects will be interpreted, construed and governed by and in accordance with the Laws of the State of New York…." Merger Agreement § 12.7.   In any event, neither New York nor Delaware law supports Defendants' arguments regarding the implication of the forum selection clauses.

By marked contrast, the more limited forum selection clause in *Bolt* provided that "the state and federal court of New York shall have jurisdiction to hear and determine any claims or disputes between the shareholders and the company pertaining directly or indirectly to this Agreement and all documents . . . pursuant thereto, or to any matter arising therefrom." 2012 U.S. Dist. LEXIS 150277, at *12. The merger agreements at issue in *OTK* and *Parfi* were similarly limited.[4]

### C.   Star Bulk, On Whose Behalf Plaintiff Has Brought This Action, Is a Party to the Agreements Containing the Jurisdiction Clauses

Defendants' argument that F5 was not a party to or a third-party beneficiary of the Merger Agreement and, therefore, cannot invoke its jurisdiction provisions is meritless. In this derivative action, F5 is asserting rights derivatively on behalf of Star Bulk and therefore stands in its shoes. Undoubtedly, Star Bulk has rights under the Merger and Shareholder Agreements, including the right to litigate in a New York court. As a derivative plaintiff, F5 is entitled to assert those rights on Star Bulk's behalf. *See, e.g.*, *Harry Casper, Inc. v. Pines Assocs., L.P.*, 53 A.D.3d 764 (3d Dep't 2008) (derivative plaintiff is bound by forum selection clause in option agreement at issue).[5] Similarly, Defendants' argument that the Court should not enforce the consents because F5 is not "asserting Star Bulk's contractual rights under the agreements" is

---

[4] Likewise, in *OTK*, the forum selection stated that "all actions and proceedings arising out of or relating to this Agreement and the Other Agreements shall be heard and determined exclusively in any New York state or federal court…." *Id.* at 719 (emphasis added). In *Parfi*, the court considered an arbitration clause, not a forum selection clause, which provided that "any dispute, controversy or claim 'arising out of or in connection with [the] Agreement, or the breach, termination or invalidity thereof, shall be settled by arbitration' in Sweden." 817 A.2d at 151-52.

[5] *See also Schleiff v. Baltimore & Ohio R.R. Co.*, 130 A.2d 321, 327 (Del. Ch. 1955) (derivative plaintiff is bound by forum selection clause in litigation over corporate acquisitions); *Trenwick Am. Litig. Trust v. Ernst & Young, L.L.P.*, 906 A.2d 168, 218 (Del. Ch. 2006) (same). Forum selection clauses are favored under New York law "because they provide certainty and predictability in resolving disputes." *Nat'l Union Fire Co. of Pittsburgh, Pa. v. Source One Staffing, LLC*, 36 Misc. 3d 1224(A), at *9 (Sup. Ct. N.Y. Co. 2012). Thus, under New York law, "public policy . . . supports a broad reading of these clauses." *Triple Z Postal Servs. v. UPS*, 13 Misc. 3d 1241(A), at *22 (Sup. Ct. N.Y. Co. 2006).

insufficient to remove this action from the broad, all-encompassing language of the mandatory forum selection clause and further fails because F5 is asserting Star Bulk's contractual right to rely on defendants' irrevocable consent to personal jurisdiction in this Court.[6]

It is well-settled that, as a derivative plaintiff, F5 stands in Star Bulk's shoes. *Sagarrra Invesiones, S.L. v. Cementos Portland Valderrivas, S.A.*, 34 A.3d 1074, 1079 (Del. 2011); *Tzolis v. Wolff*, 10 NY3d 100 (2008) (discussing history of derivative claims and standing under New York law). Accordingly, derivative plaintiffs are bound by and may invoke consent to jurisdiction clauses in agreements that are the subject of their derivative claims. *See Pierce v.* 2009 N.Y. Misc. LEXIS 5093 at *4 (enforcing consent to arbitration clause against derivative plaintiffs because they "stand in the shoes of the entity on behalf of which they are suing, *i.e.*, the Fund, and, hence are subject to, and bound by, the arbitration provision that bound the Fund"). Defendants argue that *Pierce*, *Trenwick*, and *Harry Casper* are not applicable because the plaintiffs' claims in those cases were based on the "agreements" at issue, but, as set forth above, Plaintiff's claims here *would not exist* absent the Merger Agreement and other relevant transaction documents, all of which contain explicit forum selection clauses indicating Defendants' consent to jurisdiction in the New York state and federal courts.

### D.     Long-Arm Jurisdiction Exists Pursuant to CPLR 302

In addition to the clear language of the forum selection clause in the Merger Agreements

---

[6] The authority cited by Defendants on this point is irrelevant insofar as it does not consider whether derivative plaintiffs, standing in the place of the corporation, can invoke a forum selection clause. *See Bensinger v. Denbury Res., Inc.*, No. 10-cv-1917, 2011 U.S. Dist. LEXIS 91905 (E.D.N.Y. Aug. 17, 2011) (in a non-derivative class action, forum selection clause could be applied *against* plaintiff shareholder when existence of the clause was never communicated to said shareholder); *APA Excelsior III LP v. Premiere Techs., Inc.*, 49 F. Supp. 2d 664, 671 (S.D.N.Y. 1999) (non-class, non-derivative shareholder plaintiff cannot enforce clause). Although *Casville Invs., Ltd. v. Kates*, No. 12-cv-6968(RA), 2013 U.S. Dist. LEXIS 95426 (S.D.N.Y. July 8, 2013), also cited by Defendants, was a derivative claim, several of the defendants in that case were not signatories to the contract containing the forum selection clause, and thus the court concluded that the clause could not apply.

and other agreements, long-arm jurisdiction exists with respect to all of the Individual

Defendants.  Jurisdiction exists under both Section 302(a)(2) and 302(a)(3) of the CPLR, which

states that New York courts have personal jurisdiction over any non-domiciliary person or entity

if such person or entity, or its agent:

>   2.      commits a tortious act within the state, except as to a cause of action for
>           defamation of character arising from the act; or
>
>   3.      commits a tortious act without the state causing injury to person or
>           property within the state…if he:
>
>           i.      regularly does or solicits business, or engages in any other
>                   persistent course of conduct, or derives substantial revenue from
>                   goods used or consumed or services rendered, in the state, or
>
>           ii.     expects or should reasonably expect the act to have consequences
>                   in the state and derives substantial revenue from interstate or
>                   international commerce…

As set forth above, Plaintiffs require jurisdictional discovery to determine the precise

basis of Defendants' jurisdictional contacts with New York State, and thus this argument (and

indeed, Defendants' entire motion to dismiss) is premature.  Nonetheless, Plaintiff knows now

that all of the Individual Defendants committed a tortious act within the state of New York

insofar as all or most of the Individual Defendants negotiated the Oceanbulk Merger in the State

of New York.  This fact is a subject of Plaintiff's jurisdictional discovery – which Defendants

have yet to provide to Plaintiff.  Moreover, the Star Bulk general shareholders' meeting was held

in New York City on October 24, 2014, and F5 believes that most if not all of the Individual

Defendants were in attendance at the meeting in New York.  Certainly, Spyros Capralos, Petros

Pappas, Koert Erhardt, Renee Kemp, Roger Schmitz, Tom Softeland, and Stelios Zavvos – the

Individual Defendants who were re-elected to the Board on that date – were present in New

York.

E.      **Personal Jurisdiction Exists Under N.Y. GOB Law § 5-1402**

An independent basis for jurisdiction exists under N.Y. GOB Law 5-1402, which provides in pertinent part that "any person may maintain an action or proceeding against a foreign corporation, non-resident, or foreign state where the action or proceeding arises out of or relates to any contract, agreement or undertaking for which a choice of New York law has been made in whole or in part," which relates to "any obligation arising out of a transaction covering in the aggregate, not less than one million dollars," and "which contains a provision or provisions whereby such foreign corporation or non-resident agrees to submit to the jurisdiction of the courts of this state."  N.Y. GOB Law 5-1402(1)(a) and (b); *see also IRB-Brasil Resseguros, S.A. v. Inepar Invs., S.A.*, 20 N.Y.3d 310, 314 (2012) (applying N.Y. GOB Law 5-1402 and following forum selection clause which established jurisdiction in New York). This action was originally commenced in the New York Supreme Court, whose jurisdiction was properly invoked for this additional reason as well.

II.     **THE DEFENDANTS HAVE BEEN PROPERLY SERVED**

Defendants argue that Plaintiff failed to properly serve the Service Defendants – all of whom (upon information and belief) work and reside outside of the United States – with the summons and complaint in this action is meritless.  All of the Service Defendants are current directors of Star Bulk, except for Milenia Maria Pappas.   Kira Bucca, an Office Manager and agent of Star Bulk, accepted service on behalf of all the Service Defendants on November 5, 2014.  Accordingly, the process server filed affidavits of service on all Service Defendants with the New York Supreme Court on November 6, 2014.  *See* Exhibit B to the Kaufman Decl.  On November 5, 2014, the process server also served another copy of the Summons and Complaint on each of the Service Defendants via first class mail, thereby properly effectuating service pursuant to CPLR 308(2).

The Service Defendants claim that they never authorized Ms. Bucca to accept service, but nonetheless cite *Lorensen v. Digman*, No. 97 CV 0997, 1998 U.S. Dist. LEXIS 861, at *6 (N.D.N.Y. Jan. 27, 1998) to argue that they may contest service regardless of whether such acceptance of service was authorized.  *Lorensen* does not support dismissal of the Service Defendants for insufficient service of process.  In that case, the employee upon whom service was made denied telling the process server that she was authorized to accept service for the defendants.  Ms. Bucca has not denied telling the process server that she was authorized to accept service on behalf of all the Service Defendants here.

Even if service on the Service Defendants had been ineffective, which it was not, Plaintiff has undertaken measures to serve the Service Defendants *yet again* in the countries in which they respectively reside.  Plaintiff is currently working with solicitors in the United Kingdom to serve Defendant Renee Kemp, who is a vice president at Oaktree Capital in London.  Kaufman Decl. ¶ 5.  Plaintiff is also coordinating the service of the other Service Defendants in Europe under the Hague Convention.  Kaufman Decl. ¶ 6.   Indeed, the 120-day deadline to serve process on a defendant in the United States proscribed by Fed. R. Civ. P. 4(m) ***explicitly exempts*** service on foreign defendants from this deadline.   Courts use a "flexible due diligence standard" to determine whether service of process under Fed. R. Civ. P. 4(f) (governing service on foreign defendants) is timely.  *See Aqua Shield, Inc. v. Inter Pool Cover Team*, No. 05-cv-4880-CBA, 2007 U.S. Dist. LEXIS 90319, at *5 (E.D.N.Y. Dec. 7, 2007).

Here, as set forth above, Plaintiff has served the Individual Defendants at their known address in the United States and is in the process of serving them overseas.  Thus, dismissal on the basis of insufficient service of process is unwarranted and premature.[7]

---

[7] In the event this Court ultimately dismisses Plaintiff's Complaint, or any claim therein, Plaintiff reserves its right to amend the Complaint pursuant to Fed. R. Civ. P. 15.

## <u>CONCLUSION</u>

For all these reasons, the Court should deny the Certain Defendants' Motion to Dismiss the Complaint for Lack of Personal Jurisdiction and Insufficient Service of Process, and should allow this action to proceed on the merits.

Dated:  April 17, 2015                                        Respectfully submitted,

                                                  /s/ Mark C. Rifkin
                                         Mark C. Rifkin
                                         Benjamin Y. Kaufman
                                         Lydia Keaney Reynolds
                                         WOLF HALDENSTEIN ADLER
                                         FREEMAN & HERZ LLP
                                         270 Madison Ave.
                                         10th Floor
                                         New York, NY  10016
                                         (212) 545-4600

                                         *Attorneys for Plaintiff F5 Capital*

/778831

## <u>CERTIFICATE OF SERVICE</u>

I, Mark C. Rifkin, hereby certify that on April 17, 2015, copies of the foregoing Plaintiff's Memorandum of Law in Opposition to All Defendants' Joint Motion to Dismiss were filed electronically.  I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic system.

 /s/ Mark C. Rifkin
Mark C. Rifkin