

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

F5 CAPITAL, A CAYMAN ISLANDS
CORPORATION,

          Plaintiff,

        v.

PETROS PAPPAS; MILENA MARIA PAPPAS;
ROGER SCHMITZ; TOM SOFTELAND;
SPYROS CAPRALOS; KOERT ERHERDT;
RENEE KEMP; RAJATH SOURIE; EMILY
STEPHENS; STELIOS ZAVVOS; OAKTREE
VALUE OPPORTUNITIES FUND, L.P.,
OAKTREE OPPORTUNITIES FUND IX
DELAWARE, L.P., OAKTREE CAPITAL
MANAGEMENT, L.P., OAKTREE
OPPORTUNITIES FUND IX (PARALLEL 2),
L.P., MONARCH ALTERNATIVE SOLUTIONS
MASTER FUND LTD., MONARCH CAPITAL
MASTER PARTNERS II-A LP, MONARCH
CAPITAL MASTER PARTNER II LP,
MONARCH DEBT RECOVERY MASTER FUND
LTD., MONARCH OPPORTUNITIES MASTER
FUND LTD., P MONARCH RECOVERY LTD.,
STAR SYNERGY LLC; STAR OMAS LLC;
OAKTREE CAPITAL MANAGEMENT LP;
OAKTREE OBC HOLDINGS LLC; OAKTREE
DRY BULK HOLDINGS LLC; MILLENNIA
LLC; MILLENNIA HOLDINGS LLC; MIRABEL
SHIPHOLDING & INVEST LIMITED; MIRACH
SHIPPING COMPANY LIMITED; BLUESEA
OCEANBULK SHIPPING LLC; HERON
VENTURES LTD.; and OCEANBULK
CARRIERS LLC,

          Defendants.

      -and-

STAR BULK CARRIERS CORP.,

          Nominal Defendant

No. 14 Civ. 9356 (AT)

ECF Case

**[PROPOSED]
CONFIDENTIALITY
STIPULATION AND
PROTECTIVE ORDER**

1

IT IS HEREBY STIPULATED AND AGREED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, by and among the parties hereto, through their undersigned counsel, that the following provisions of this Confidentiality Stipulation and Protective Order (the "Stipulation and Order") govern disclosure and use by the parties of all documents, including, but not limited to, electronically stored information ("ESI"), testimony, transcripts, exhibits, interrogatory answers, responses to requests to admit, and any other materials and information produced or provided in the above-referenced Action ("Discovery Materials").

1. This Stipulation and Order is binding on the parties to this action, including their respective corporate parents, subsidiaries, affiliated companies, directors, officers, employees, attorneys, agents, assigns and representatives.

2. A party, person, or entity that produces or discloses Discovery Materials in connection with this Action shall be referred to herein as the "Disclosing Party."

3. A party, person, or entity that receives Discovery Materials in connection with this Action shall be referred to herein as the "Receiving Party."

4. All Discovery Materials produced or disclosed in connection with these Actions shall be used solely for the prosecution or the defense of this Action (including any appeal therefrom). [Nothing herein prevents any party from seeking any Discovery Materials from any other party in any other litigation.]

5. Any Disclosing Party may, subject to the provisions of this Stipulation and Order, designate as "Confidential" any Discovery Material that the Disclosing Party reasonably and in good faith believes contains or would disclose non-public, confidential, personal, proprietary, customer, client, or commercially sensitive information including,

2

but not limited to, any information that constitutes confidential information under the Federal Rules of Civil Procedure or applicable laws or regulations ("Confidential Discovery Material").

6. Any Discovery Material designated as Confidential (other than ESI produced in native electronic form) shall be so designated by marking each page of such material with a "CONFIDENTIAL" notice, or, in the case of depositions, as set forth in paragraph 9 below. ESI designated as "Confidential" shall be so designated by either (1) including such notice in the body of the electronic document; (2) affixing a stamp with such notice on the medium on which the electronic data is stored when copies are delivered to a Receiving Party; or (3) identifying the designated ESI in writing at the time of production. Print-outs of any such electronic information designated as Confidential Discovery Material shall be treated in accordance with the terms of this Stipulation and Order.

7. This Stipulation and Order is without prejudice to any Disclosing Party's right to assert that any Discovery Material is subject to any applicable claim of privilege or protection, including, but not limited to, the attorney-client privilege and attorney work product doctrine, and is without prejudice to any other party's right to contest such a claim of privilege or protection.

8. The inadvertent production of any Discovery Material in this Action shall be without prejudice to any claim that such material is privileged or protected from disclosure under the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection ("Privileged Material"). If a Disclosing Party believes that Privileged Material was inadvertently produced, the Disclosing Party may

3

notify in writing any party that received the material of the claim of privilege and the basis of the claim to the extent required by Federal Rule of Civil Procedure 26 (the "Privileged Material Notice"). After receipt of a Privileged Material Notice, the party to whom the Privileged Material was produced shall comply with Fed. R. Civ. P. 26(b)(5)(B) and may notify the Disclosing Party in writing whether it objects to the designation of such material as privileged or protected. Following the receipt of any objection, the objecting party and the Disclosing Party shall meet and confer in an effort to resolve any disagreement regarding the Disclosing Party's designation of the material as privileged or protected. If the parties cannot resolve their disagreement, the Receiving Party may promptly present the issue to the Court for a determination of the Disclosing Party's claim of privilege or protection, submitting any document(s) in dispute under seal in compliance with Fed. R. Civ. P. 26(b)(5)(B), as to which the Disclosing Party bears the burden of proof. While any such motion is pending, the Privileged Material subject to that motion will be treated as privileged until the Court rules. If the Court determines that such material is privileged or protected, the Receiving Party shall immediately return or destroy such inadvertently disclosed Privileged Material and all copies thereof. If the Receiving Party, after making an objection to the Disclosing Party, does not apply to the court for a ruling on the designation of the Privileged Material at issue as privileged or protected within thirty (30) calendar days from the receipt of the Privileged Material Notice (regardless of whether parties met and conferred on the subject), or such later date as the Disclosing Party and the Receiving Party may agree, the Receiving Party shall immediately return or destroy such inadvertently disclosed Privileged Material and all copies thereof.

4

9.  If a Disclosing Party inadvertently discloses Confidential Discovery Material without designating it as such, the Disclosing Party shall inform the Receiving Party of such inadvertent disclosure. The Receiving Party shall thereafter treat the information as Confidential Discovery Material. To the extent such information may have been disclosed to anyone not authorized to receive Confidential Discovery Material under the terms of this Stipulation and Order, the Receiving Party shall make reasonable efforts to retrieve the information promptly and to avoid any further disclosure. The failure to advise the Receiving Party of such inadvertent disclosure shall not constitute a waiver or admission by the Disclosing Party that such information does not qualify for protection as Confidential as defined herein.

10. Any party may, on the record of a deposition, or in writing within thirty (30) days after receipt of the transcript of such deposition, designate any portion or portions of the deposition as "Confidential." Until such time period expires without any designation having been made, the entire deposition transcript shall be treated as "Confidential" unless otherwise specified in writing or on the record of the deposition by the designating party. All copies of deposition transcripts that contain material designated as Confidential Discovery Material shall be prominently marked "Confidential" (1) on the cover thereof, and/or (2) at the beginning and end of any portions thereof so designated.

11. Except upon the prior written consent of the Disclosing Party or by order of this Court, Confidential Discovery Material and the contents thereof shall not be disclosed, summarized, or otherwise made available to anyone except the following persons:

5

    a. the Court, necessary Court personnel, and jurors;

    b. the named parties and/or Court appointed class representatives in this Action (including directors, officers, and employees of corporate parties to the Action);

    c. the parties' in-house and outside counsel participating in the prosecution and defense of this Action and their legal, clerical, or support staff;

    d. court reporters transcribing depositions or testimony in this Action;

    e. persons who are or were authors or recipients of the Confidential Discovery Materials;

    f. any expert retained or consulted by any party in connection with this Action and those working under their direction or control;

    g. deponents and witnesses or prospective witnesses (and counsel for such witnesses) to the extent reasonably necessary in connection with their testimony in this Action or the preparation thereof; provided, however, that a person identified solely in this subparagraph shall not be permitted to retain copies of such Confidential Discovery Materials;

    h. outside photocopying, graphic production services, litigation support services, or investigators employed by the parties or their counsel to assist in this litigation, and computer personnel performing duties in relation to a computerized litigation system.

12. Notwithstanding anything to the contrary in the foregoing paragraph 10, any party may use without restriction:

    a. its own documents or information;

6

    b. documents or information concerning or reflecting transactions or communications to which it was a party; and

    c. documents or information developed or obtained independently of discovery in these proceedings;

regardless of whether such documents or information have been designated as "Confidential."

    13. Each person given access to designated Confidential Discovery Materials shall be advised that the information is being disclosed pursuant and subject to the terms of this Stipulation and Order and may not be disclosed, either directly or indirectly, other than as provided by this Stipulation and Order. Prior to disclosure of any Confidential Discovery Materials to the persons identified in Paragraphs 11(f), each person shall first read this Stipulation and Order and sign a copy of the Acknowledgement, annexed as Exhibit A hereto, thereby becoming subject to this Stipulation and Order. Prior to disclosure of any Confidential Discovery Materials to the persons identified in Paragraphs 11(g), each person shall first be provided a copy of this Stipulation and Order and be advised that he or she is subject to and bound by the Stipulation and Order

    14. If, at any time, a Receiving Party objects to a designation of Discovery Materials as Confidential under this Stipulation and Order, the Receiving Party shall notify the Disclosing Party in writing. Following receipt of such notification, counsel for the Disclosing Party and the Receiving Party shall meet and confer in an effort to resolve any disagreement regarding the Disclosing Party's designation of the Discovery Materials as Confidential. If the parties do not resolve their disagreement within fourteen (14) days after the Receiving Party contests the designation, the Receiving Party may thereafter

7

petition the Court for a ruling on the Disclosing Party's designation of the Discovery Materials as Confidential. The Disclosing Party shall have the burden of showing that the document or information is properly designated Confidential under the terms of this Stipulation and Order. While any such motion is pending, the documents or materials subject to that motion will remain Confidential until the Court rules. Until the Receiving Party applies to the Court for a ruling on the designation and the Court rules on that motion, the Discovery Materials in question will continue to be treated as Confidential under this Protective Order.

15. In the event that counsel for any party or non-party determines to file in or submit to this Court any Confidential Discovery Material, information derived therefrom, or any papers containing or revealing such information, the pages containing or revealing such Confidential Discovery Material shall be filed only in sealed envelopes or other appropriately sealed containers on which shall be endorsed with the caption of the relevant action and which shall clearly bear the stamp "CONFIDENTIAL." Filing under seal shall be without prejudice to any party's right to argue to the Court that such document is not Confidential and need not be preserved under seal. Redacted pages shall be filed in the public record. If the party filing such Discovery Material is the party that designated the subject Discovery Material as "Confidential," and no other party has so designated the Discovery Material at issue, that party may choose to file such Discovery Material in the public record and thereby avoid the need to comply with the provisions of this paragraph. If the filing party so elects, it shall be deemed to have waived any confidentiality claim with respect to the Discovery Material disclosed in the filing. If a

8

filing party inadvertently waived confidentiality claim in this manner, that party may notify the Court within ten (10) days to remedy such waiver.

16. The parties shall confer and attempt to agree before any trial or other hearing on the procedures under which Confidential Discovery Material may be introduced into evidence or otherwise used at such trial or hearing. Upon reaching agreement, the parties shall give notice of the terms of such agreement to each non-party producing any Confidential Discovery material which may be used or introduced at such trial or hearing. Absent agreement, the Court shall be asked to issue an order governing the use of such Confidential Discovery material at trial or hearing upon reasonable notice to all parties and non-parties who have produced such information.

17. Within sixty (60) days after the termination of this Action (and all appeals relating to this Action have been exhausted or the time to appeal has expired), any person possessing any documents produced in discovery, or any Confidential Discovery Materials, shall return all such documents and all such Confidential Discovery Materials, including all copies thereof, to the producing persons, or their counsel, or, in lieu thereof, shall certify in writing that all such documents and Confidential Discovery Materials have been destroyed.

18. Nothing in this Stipulation and Order shall prejudice the right of any party or non-party to move the Court to broaden or restrict the rights of access to and use of particular Discovery Material, or to seek modification of this Stipulation and Order upon due notice to all other parties and affected non-parties.

19. The parties shall serve a copy of this Stipulation and Order simultaneously with any discovery request made to a non-party in this action.

9

Dated: April 8, 2015
New York, New York

_____
Mark C. Rifkin, Esq.
Benjamin Y. Kaufman, Esq.
Lydia K. Reynolds, Esq.
WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
270 Madison Avenue
New York, NY 10016
(212) 545-4600

*Attorneys for Plaintiff F5 Capital*

_____
Andrew J. Ehrlich, Esq.
Gregory F. Laufer, Esq.
Amy J. Beaux, Esq.
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000

*Attorneys for Defendants Oaktree Value Opportunities Fund, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Capital Management, L.P., Oaktree Opportunities Fund IX Delaware, L.P., Oaktree OBC Holdings LLC, Oaktree Dry Bulk Holdings LLC, Renée Kemp, Rajath Sourie, and Emily Stephens*

_____
Tariq Mundiya, Esq.
Matthew W. Edwards, Esq.
Frank M. Scaduto, Esq.
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000

*Attorneys for Defendants Monarch Alternative Capital LP, Monarch Alternative Solutions Master Fund Limited, Monarch Capital Master Partners II-A L.P., Monarch Capital Master Partner II L.P., Monarch Debt Recovery Master Fund Limited, Monarch Opportunities Master Fund Limited, P Monarch Recovery Limited, and Roger Schmitz*

_____
Bruce G. Paulsen, Esq.
Jeffrey M. Dine, Esq.
Julia K. Tebor, Esq.
Michael B. Weitman, Esq.
SEWARD & KISSEL LLP
One Battery Park Plaza
New York, NY 10004
(212) 574-1200

*Attorneys for Defendants Star Synergy LLC, Star Omas LLC, Bluesea Invest and Holding Ltd., Oceanbulk Carriers LLC, Millennia Limited Liability Company, Millennia Holdings LLC, Mirabel Shipholding & Invest Limited, Mirach Shipping Company Limited, Heron Ventures Ltd., Petros Pappas, Milena Maria Pappas, Tom Softeland, Spyros Capralos, Koert Erhardt, Stelios Zavvos, and nominal defendant Star Bulk Carriers Corporation*

10

**SO ORDERED** this 2̶0̶ 17 day of April, 2015:

_____
Hon. ~~Analisa Torres~~ Michael H. Dolinger
United States ~~District~~ Judge
 Magistrate

11

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| F5 CAPITAL, A CAYMAN ISLANDS CORPORATION,<br><br>                   Plaintiff,<br><br>                   v.<br><br>PETROS PAPPAS; MILENA MARIA PAPPAS; ROGER SCHMITZ; TOM SOFTELAND; SPYROS CAPRALOS; KOERT ERHERDT; RENEE KEMP; RAJATH SOURIE; EMILY STEPHENS; STELIOS ZAVVOS; OAKTREE VALUE OPPORTUNITIES FUND, L.P., OAKTREE OPPORTUNITIES FUND IX DELAWARE, L.P., OAKTREE CAPITAL MANAGEMENT, L.P., OAKTREE OPPORTUNITIES FUND IX (PARALLEL 2), L.P., MONARCH ALTERNATIVE SOLUTIONS MASTER FUND LTD., MONARCH CAPITAL MASTER PARTNERS II-A LP, MONARCH CAPITAL MASTER PARTNER II LP, MONARCH DEBT RECOVERY MASTER FUND LTD., MONARCH OPPORTUNITIES MASTER FUND LTD., P MONARCH RECOVERY LTD., STAR SYNERGY LLC; STAR OMAS LLC; OAKTREE CAPITAL MANAGEMENT LP; OAKTREE OBC HOLDINGS LLC; OAKTREE DRY BULK HOLDINGS LLC; MILLENNIA LLC; MILLENNIA HOLDINGS LLC; MIRABEL SHIPHOLDING & INVEST LIMITED; MIRACH SHIPPING COMPANY LIMITED; BLUESEA OCEANBULK SHIPPING LLC; HERON VENTURES LTD.; and OCEANBULK CARRIERS LLC,<br><br>                   Defendants.<br><br>       -and-<br><br>STAR BULK CARRIERS CORP.,<br><br>                   Nominal Defendant | No. 14 Civ. 9356 (AT)<br><br>ECF Case<br><br>**ACKNOWLEDGEMENT PURSUANT TO STIPULATION AND ORDER GOVERNING THE USE OF CONFIDENTIAL MATERIAL** |

12

1. I, _____, declare that:

2. I have received a copy of the Stipulation and Agreed Confidentiality Order, entered on _____ (the "Stipulation and Order") in the action entitled *F5 Capital* v. *Petros Pappas, et al.*, No. 14 Civ. 9356 (AT) (the "Action"), and I have read and understand its provisions.

3. I will comply with all of the provisions of the Stipulation and Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Stipulation and Order, and will not use for purposes other than for this Action any information designated "Confidential" that I receive in this Action, except as otherwise permitted under the terms of the Stipulation and Order.

Dated: _____          _____
                                      Signature