UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| F5 CAPITAL, A CAYMAN ISLANDS CORPORATION,<br><br>          Plaintiff,<br><br>   -against-<br><br>PETROS PAPPAS, et al.,<br><br>          Defendants,<br><br>   -and-<br><br>STAR BULK CARRIERS CORP.,<br><br>         Nominal Defendant. | No. 14 Civ. 9356 (AT) |

**CERTAIN DEFENDANTS' REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF THEIR ADDITIONAL MOTION TO DISMISS
THE COMPLAINT FOR LACK OF PERSONAL JURISDICTION
AND INSUFFICIENT SERVICE OF PROCESS**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................1

ARGUMENT ..........................................................................................................................2

I.     PLAINTIFF HAS FAILED TO MEET ITS BURDEN TO SET FORTH A PRIMA FACIE CASE FOR JURISDICTION OVER THE ENTITY DEFENDANTS AND THE INDIVIDUAL DEFENDANTS ............................................2

    A.    Plaintiff Concedes, By Its Silence, That General Jurisdiction Does Not Exist ...................3

    B.    Plaintiff Cannot Rely On Contractual Forum Selection Clauses to Invoke the Court's Jurisdiction Over Corporate Governance Claims And Over Non-Signatories ..................................................................................................................3

        1.    None of Plaintiff's Corporate Governance Claims Arise Out Of The Oceanbulk Agreements ........................................................................................4

        2.    Plaintiff – a Non-Signatory – Cannot Invoke The Forum Selection Clauses In Agreements Which Expressly Exclude Third-Party Beneficiaries ...................6

        3.    Plaintiff Fails to Address How The Oceanbulk Agreements' Forum Selection Clauses Can Be Enforced Against Non-Signatories, Or Against Individuals Who Did Not Sign In Their Capacity As Officers Or Directors Of Star Bulk .................7

    C.    Plaintiff Concedes It Has Not And Cannot Adequately Plead Long-Arm Jurisdiction Over The Individual Defendants Or the Entity Defendants ...........................8

        1.    Jurisdiction Is Not Proper Under CPLR 302(a)(2)..............................................8

        2.    Jurisdiction Is Not Proper Under CPLR 302(a)(3)..............................................9

II.    PLAINTIFF CANNOT CURE DEFECTIVE SERVICE MORE THAN 120 DAYS AFTER THE FILING OF THE COMPLAINT .....................................................10

Conclusion ............................................................................................................................12

i

## TABLE OF AUTHORITIES

### Federal Cases

*APA Excelsior III L.P. v. Premiere Technologies, Inc.*,
    49 F. Supp. 2d 664 (S.D.N.Y. 1999)......................................................................................6

*Aqua Shield v. Inter Pool Cover Team*, No. 05-cv-4880-CBA,
    2007 U.S. Dist. LEXIS 90318 (E.D.N.Y. Dec. 7, 2007) ......................................................11

*A.W.L.I. Group, Inc. v. Amber Freight Shipping Lines*,
    828 F. Supp. 2d 557 (E.D.N.Y. 2011) ...................................................................................9

*Barrett v. Tema Development (1988), Inc.*, 463 F. Supp. 2d 423 (S.D.N.Y. 2006) .........................9

*Bensinger v. Denbury Resources Inc.*, No. 10 Civ. 1917 (JG),
    2011 U.S. Dist. LEXIS 91905 (E.D.N.Y. Aug. 17, 2011)......................................................6

*Bolt v. Kirley*, No. 12 Civ. 0583 (JPO), 2012 U.S. Dist. LEXIS 150277
    (S.D.N.Y. Oct. 17, 2012) ...............................................................................................4, 5, 7

*Casville Investments, Ltd. v. Kates*, No. 12 Civ. 6968 (RA),
    2013 U.S. Dist. LEXIS 95426 (S.D.N.Y. July 8, 2013) ...............................................6, 7, 9

*Daimler AG v. Bauman*, 134 S. Ct. 746 (2014) ..............................................................................3

*In re Terrorist Attacks on September 11, 2011*, 714 F.3d 659 (2d Cir. 2013)................................3

*Jazini v. Nissan Motor Co.*, 148 F.3d 181 (2d Cir. 1998).................................................................9

*Lorensen v. Digman*, No. 97 CV 0997, 1998 U.S. Dist. LEXIS 861
    (N.D.N.Y. Jan. 27, 1998).................................................................................................10, 11

*Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737 (2d Cir. 1985).....................................11, 12

*Parfi Holding AB v. Mirror Imagine Internet, Inc.*, 817 A.2d 149 (D. Del. 2002) ....................4, 5

*Seldon v. Magedson*, No. 11 Civ. 6218 (PAC) (MHD), 2012 U.S. Dist. LEXIS
    141209 (S.D.N.Y. Sept. 28, 2012).........................................................................................8

*Yellowave Corp. v. Mana*, No. 00 Civ. 2267 (SAS), 2000 U.S. Dist. LEXIS 14813
    (S.D.N.Y. Oct. 11, 2000) ...............................................................................................11, 12

**State Cases**

*OTK Associates v. Friedman*, 85 A.3d 696 (Del. Ch. 2014) ..................................................4, 5

**Statutes and Rules**

CPLR 301................................................................................................................................3

CPLR 302.................................................................................................................3, 8, 9, 10

CPLR 308..............................................................................................................................10

Fed. R. Civ. P. 4(m) ..............................................................................................................11

Fed. R. Civ. P. 12 ....................................................................................................................1

N.Y. Gen. Oblig. Law § 5-1402..............................................................................................6

The Individual Defendants, the Entity Defendants, and the Service Defendants,[1] pursuant to Fed. R. Civ. P. 12(b)(2) and (5), respectfully submit this Reply Memorandum of Law in Further Support of Their Additional Motion to Dismiss the Complaint for Lack of Personal Jurisdiction and Insufficient Service of Process.

## PRELIMINARY STATEMENT

In its Opposition Brief,[2] Plaintiff either admits or ignores all that is needed for this Court to grant this separate motion to dismiss filed by the Individual Defendants, the Entity Defendants, and the Service Defendants:

<u>First</u>, Plaintiff concedes, by its silence, that neither the Individual Defendants nor the Entity Defendants are subject to this Court's general jurisdiction.

<u>Second</u>, Plaintiff does not dispute that under New York and Delaware case law, corporate governance claims – which are Plaintiff's *only* claims – are not governed by contractual forum selection clauses.  Plaintiff nevertheless argues that the forum selection clauses here are broad enough to encompass its claims.  Plaintiff's straw-man argument misses the basic point of the cases that govern this motion:  Because a director's fiduciary duty exists separately and independently of any agreement, jurisdiction is not properly based on a contractual forum selection clause.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning given to them in Certain Defendants' Memorandum of Law in Support of Their Motion to Dismiss for Lack of Personal Jurisdiction and Insufficient Service of Process, dated Mar. 4, 2015 ("Mov. Br.," ECF No. 50).  Although Renée Kemp joined the Moving Brief as a Service Defendant, she was subsequently served with process in the United Kingdom and no longer contests service of process.

[2] "Opposition Brief" or "Opp. Br." refers to Plaintiff's Memorandum of Law in Opposition to Certain Defendants' Motion to Dismiss the Complaint for Lack of Personal Jurisdiction and Insufficient Service of Process, dated Apr. 17, 2015 (ECF No. 73).

<u>Third</u>, Plaintiff ignores that many of the Individual and Entity Defendants did not sign the agreements on which Plaintiff purports to base jurisdiction, and thus concedes that these non-signatories cannot be bound.

<u>Fourth</u>, Plaintiff implicitly admits that it has not and cannot adequately plead long-arm jurisdiction as it asks that the Court deny the motion as "premature" until further discovery is conducted.  Plaintiff puts the cart before the horse, as jurisdictional discovery is warranted only where Plaintiff has established a *prima facie* case for jurisdiction.  Plaintiff also fails to explain how discovery will reveal an injury in the State of New York to either Plaintiff or nominal defendant Star Bulk, both foreign entities.  Indeed, it would not.

<u>Fifth</u>, Plaintiff fails to rebut the declarations of each of the Service Defendants that the New York office of non-party Star Bulk (USA) LLC is not their "actual place of business," and that they did not authorize anyone in New York to accept service on their behalf.  Instead, Plaintiff claims it will now – months after knowing that the Service Defendants contested service – attempt service of process abroad.  The time to do so has expired.

Accordingly, and as set forth in further detail below, the Court should dismiss the Complaint against the Individual Defendants and the Entity Defendants for lack of personal jurisdiction, and dismiss the Complaint against the Service Defendants for the additional reason that Plaintiff failed to effect proper service of process.

## ARGUMENT

### I.

### PLAINTIFF HAS FAILED TO MAKE A PRIMA FACIE CASE FOR JURISDICTION OVER THE ENTITY DEFENDANTS AND THE INDIVIDUAL DEFENDANTS

As its Opposition Brief confirms, Plaintiff has failed to "make a *prima facie* showing that jurisdiction exists." *In re Terrorist Attacks on September 11, 2011*, 714 F.3d 659,

673 (2d Cir. 2013). Plaintiff has not and cannot allege that general or specific jurisdiction exists under CPLR 301 or 302. Nor do any of the agreements on which Plaintiff purports to base jurisdiction permit it to hale these foreign defendants into a United States court to answer claims that they breached their fiduciary duty to a foreign corporation. *See* Compl. ¶ 12. The motion should be granted.

### A.     Plaintiff Concedes, By Its Silence, That General Jurisdiction Does Not Exist

As an initial matter, Plaintiff does not allege that the Entity Defendants or the Individual Defendants are subject to the Court's general jurisdiction. And, as set forth in the Moving Brief, Plaintiff has no basis to do so after the Supreme Court's decision in *Daimler AG v. Bauman*. *See* Mov. Br. at 9 (citing *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014)). Plaintiff has failed to respond to this argument, and thus, concedes that general jurisdiction is lacking. Absent general jurisdiction, Plaintiff must properly allege specific jurisdiction over each defendant. Plaintiff has failed to do so.

### B.     Plaintiff Cannot Rely On Contractual Forum Selection Clauses to Invoke the Court's Jurisdiction Over Corporate Governance Claims And Over Non-Signatories

The Court should also reject Plaintiff's attempt to rely on the forum selection clauses in the Oceanbulk Agreements (*see* Compl. ¶ 8) to establish personal jurisdiction over the Entity Defendants and the Individual Defendants. As Plaintiff effectively concedes, corporate governance claims are not governed by any contract, and thus, jurisdiction in this case is not properly based in contract. Moreover, non-signatories cannot invoke, in the case of Plaintiff, or be bound by, in the case of many of the Individual and Entity Defendants, clauses in contracts to which they are not a party. This is particularly so where, as here, the contracts expressly exclude third-party beneficiaries.

3

1. None of Plaintiff's Corporate Governance Claims
   Arise Out Of The Oceanbulk Agreements

Plaintiff does not credibly dispute that under New York and Delaware law, jurisdiction over corporate governance claims is not properly based on a contractual forum selection clause. *See* Mov. Br. at 11-12 (citing *Bolt v. Kirley*, No. 12 Civ. 0583 (JPO), 2012 U.S. Dist. LEXIS 150277, at *13 (S.D.N.Y. Oct. 17, 2012); *Parfi Holding AB v. Mirror Imagine Internet, Inc.*, 817 A.2d 149, 157 (Del. 2002); *OTK Assocs. v. Friedman*, 85 A.3d 696, 721 (Del. Ch. 2014)).[3] Nevertheless, Plaintiff claims that "the narrow forum selection clauses in those cases differed materially from the broader forum selection clause in the [Oceanbulk Agreements]." Opp. Br. at 6. This is a straw-man argument that misses the basic point of *Bolt*, *Parfi*, and *OTK*. Where the agreement "does not even mention, let alone create, the fiduciary duties that [the defendant] owes to its stockholders as an officer and director," jurisdiction over such claims is not properly based on that agreement. Mov. Br. at 12 (quoting *Bolt*, 2012 U.S. Dist. LEXIS 150277, at *15 (internal quotation marks and citations omitted)). The breadth of the clause is not the issue. No further analysis is required.

The conclusion reached by all three cases cited in the Moving Brief was not based on the breadth, or lack thereof, of the language in the forum selection clause. Rather, underpinning those decisions is that the plaintiff was asserting corporate governance claims that

---

[3] Plaintiff claims that "Defendants offers [sic] no support for its [sic] supposition that 'the law of the Republic of the Marshall Islands applies to [Star Bulk's] corporate acts as well as the relations and obligations of its directors and shareholders under the internal affairs doctrine.'" Opp. Br. at 6 n.3 (quoting Def. Br. at 11 n.9). Plaintiff is wrong. As the Court stated in *Bolt v. Kirley* (cited in Mov. Br. at 12), "the obligations that [the defendant] owes to the [the company's] shareholder's [sic] that have allegedly been violated are grounded in Delaware law [the company's state of incorporation], as well as [the company's] bylaws and certificate of incorporation." 2012 U.S. Dist. LEXIS 150277, at *15. As Plaintiff itself admits, Star Bulk is incorporated in the Marshall Islands. *See* Compl. ¶ 12.

4

were "independently and separately assertable" in the absence of the agreements on which jurisdiction was purportedly based. *See Bolt*, 2012 U.S. Dist. LEXIS 150277, at *13. As noted by the Delaware Chancery Court, "it has not traditionally been thought that a contractual forum selection provision in the transaction agreement governed the stockholder plaintiffs' claims for breach of fiduciary duty and aiding and abetting." *OTK Assocs.*, 85 A.3d at 720-21. To accept this argument "would represent a substantial shift in the status quo," *see id.*, and Plaintiff cannot alter this result by arguing that the contracts at issue here are purportedly "different." It comes as no surprise that Plaintiff cites not a single case where jurisdiction over a fiduciary duty or similar corporate governance claim is properly based on a contract. In fact, even where a fiduciary duty claim is based on "some or all of the same facts" underlying the contract, the contract cannot apply to the fiduciary duty claim because the defendant's "fiduciary duties to [plaintiff] consist of a set of rights and obligations that are independent of any contract." Mov. Br. at 12 (quoting *Parfi*, 817 A.2d at 157).

Nor is Plaintiff saved by New York General Obligations Law § 5-1402. As noted above, Plaintiff's corporate governance claims are not governed by any contract, and therefore fall outside the scope of the Oceanbulk Agreements' forum selection clauses. Section 5-1402 of the General Obligations Law applies only where the dispute "arises out of or relates to" a contract with a New York forum selection clause. *See* N.Y. Gen. Oblig. Law § 5-1402. Notably, the New York forum selection clause in *OTK Associates* met the requirements of section 5-1402 of the General Obligations Law, but the Court nevertheless rejected the forum selection clause as a basis for jurisdiction over corporate governance claims. *See OTK Assocs.*, 85 A.3d at 720-21.

Because Plaintiff's only claims in this case are corporate governance claims, jurisdiction is not properly grounded in any contract.

5

2.     Plaintiff – a Non-Signatory – Cannot Invoke The Forum Selection
       <u>Clauses In Agreements Which Expressly Exclude Third-Party Beneficiaries</u>

Plaintiff admits, as it must, that it did not sign any of the agreements on which it purports to base jurisdiction. Opp. Br. at 7. Plaintiff nevertheless argues that, "as a derivative plaintiff, F5 stands in Star Bulk's shoes" and can therefore invoke the Oceanbulk Agreements' forum selection clauses. *Id*. at 8. Plaintiff conveniently ignores, however, that the Oceanbulk Agreements expressly exclude third-party beneficiaries, a fact that numerous courts have found dispositive in determining whether a shareholder can rely on agreements to which it was not a party. *See* Mov. Br. at 14-15 (citing *Casville Invs., Ltd. v. Kates*, No. 12 Civ. 6968 (RA), 2013 U.S. Dist. LEXIS 95426, at *17-18 (S.D.N.Y. July 8, 2013); *Bensinger v. Denbury Res., Inc.*, No. 10 Civ. 1917 (JG), 2011 U.S. Dist. LEXIS 91905, at *17 (E.D.N.Y. Aug. 17, 2011); *APA Excelsior III L.P. v. Premiere Techs., Inc.*, 49 F. Supp. 2d 664, 671 (S.D.N.Y. 1999)).

Indeed, Plaintiff says nothing about the exclusion of third-party beneficiaries in the Oceanbulk Agreements, and instead claims that these cases are distinguishable. *See* Opp. Br. at 8 n.6. On the contrary, these cases are directly on point, particularly *Casville* – a derivative claim – as in each of them a shareholder tried to invoke the Court's jurisdiction based on a contract to which it was not a party and which expressly excluded third-party beneficiaries. Yet, all Plaintiff can say about *Casville* is that jurisdiction was lacking because "several of the defendants in that case were not signatories to the contract," which only bolsters Defendants' argument for dismissal. *See infra*, Section I.B.3. Moreover, the Court in *Casville* found that *both* the defendants' non-signatory status and the agreement's exclusion of third-party beneficiaries provided a basis for dismissal. *See Casville*, 2013 U.S. Dist. LEXIS 95426, at *17 (after noting that defendants were not signatories, the court stated, "[i]n any event, . . . the forum

6

selection clause cannot be invoked by Plaintiffs because they are barred from doing so under the express terms of the Agreement itself," which excluded third-party beneficiaries).

      3.      Plaintiff Fails to Address How The Oceanbulk Agreements' Forum Selection Clauses Can Be Enforced Against Non-Signatories, Or Against Individuals Who Did Not Sign In Their Capacity As Officers Or Directors Of Star Bulk

Plaintiff does not dispute that Entity Defendants Heron Ventures Ltd. and Oceanbulk Carriers LLC, and Individual Defendants Tom Softeland and Koert Erhardt did not sign *any* of the Oceanbulk Agreements. Plaintiff also does not address the fact that, although Petros Pappas, Milena Maria Pappas, and Spyros Capralos signed some of the agreements at issue, they did not do so in their capacities as officers or directors of Star Bulk.[4] *See id.* at 16 (citing *Bolt*, 2012 U.S. Dist. LEXIS 150277, at *9 ("an officer or director may consent to jurisdiction in her capacity as a stockholder while not doing so as an officer or director") (citations omitted); *id.* at *11 (where officer signed "on behalf of" the company, he did so "in order to *bind* [the company] to the [agreement]; there is no indication that he 'purport[ed] to bind [himself] individually' as a corporate officer") (citations omitted)). Thus, at a minimum, the Oceanbulk Agreements do not provide a basis for jurisdiction over Heron Ventures Ltd., Oceanbulk Carriers LLC, Tom Softeland, Koert Erhardt, Petros Pappas, Milena Maria Pappas, and Spyros Capralos. *See* Mov. Br. at 15-17.

          \*     \*     \*     \*

For all of these reasons, and those set forth in the Moving Brief, Plaintiff cannot rely on the Oceanbulk Agreements as the basis of this Court's jurisdiction over the Entity

---

[4]    Plaintiff's accusation that Defendants "conspicuously omit" that Petros Pappas and Milena Maria Pappas signed the Shareholder Agreement is patently false. *See* Mov. Br. at 6 ("Petros Pappas and Milena Maria Pappas signed the Shareholders Agreement"); *see also id.* at 16 ("Petros and Milena Maria Pappas signed the Shareholders Agreement").

7

Defendants or the Individual Defendants.  Yet, even if Plaintiff could do so, that specific and limited jurisdiction would not extend to the Excel Transaction or the Service Contracts, as specific jurisdiction must be analyzed separately for each claim.  Mov. Br. at 17 (citing *Seldon v. Magedson*, No. 11 Civ. 6218 (PHC) (MHD), 2012 U.S. Dist. LEXIS 141209, at *8 (S.D.N.Y. Sept. 28, 2012)).  Plaintiff has failed to respond to this argument as well.

### C.  Plaintiff Concedes It Has Not And Cannot Adequately Plead Long-Arm Jurisdiction Over The Individual Defendants Or the Entity Defendants

#### 1.  Jurisdiction Is Not Proper Under CPLR 302(a)(2)

Plaintiff's only claimed basis for jurisdiction under CPLR 302(a)(2) is that "all or most of the Individual Defendants negotiated the Oceanbulk Merger in the State of New York," and that "the Star Bulk general shareholders' meeting was held in New York City on October 24, 2014, and F5 believes that most if not all of the Individual Defendants were in attendance at the meeting in New York."  Opp. Br. at 9.  None of these claims is sufficient.

First, absent any relationship between an October 24, 2014 general *shareholders'* meeting (held after the Complaint was filed) [5] and Plaintiff's claims in the Complaint – and there is none – this is not a proper basis for specific jurisdiction under CPLR.  *See* Mov. Br. at 18 (noting that "the backbone of specific jurisdiction is that the cause of action must 'aris[e] from' the alleged tortious act in the State of New York" (citing CPLR 302(a))).

Second, the Individual Defendants' alleged negotiation of the Oceanbulk Merger in New York is also insufficient as a matter of law.  *See* Mov. Br. at 19 (citing *Casville*, 2013 U.S. Dist. LEXIS 95426, at *24-25 (finding the defendant's alleged use of a New York attorney insufficient to establish jurisdiction where contract concerned business outside of New York);

---

[5]  Plaintiff acknowledges that the shareholder meeting was held on October 24, 2014, a day after Plaintiff filed the Complaint.  *See* Compl. ¶ 10.

*Barrett v. Tema Dev. (1988), Inc.*, 463 F. Supp. 2d 423, 432-33 (S.D.N.Y. 2006) (finding that defendant's use of a New York law firm in connection with negotiating a deal outside of New York was not activity "purposefully directed" at New York)).  Plaintiff fails to address any of these cases, and instead claims that the motion to dismiss is "premature" absent discovery.  Opp. Br. at 9.  This argument also fails.

It is well-settled that jurisdictional discovery "is not warranted where plaintiff failed to make a *prima facie* showing of jurisdiction." *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 186 (2d Cir. 1998); *see also A.W.L.I. Grp., Inc. v. Amber Freight Shipping Lines*, 828 F. Supp. 2d 557, 575 (E.D.N.Y. 2011) (jurisdictional discovery unnecessary where defendant submitted an "affidavit that provides all the necessary facts and answers all the questions regarding jurisdiction").  Of course, the Individual Defendants and the Entity Defendants are cognizant of the parties' agreement to proceed with jurisdictional discovery, but this does not relieve Plaintiff of its burden to plead a *prima facie* case.  It has not.  Indeed, it is clear from Plaintiff's request for discovery that is has no basis at all to establish jurisdiction.[6]

### 2. Jurisdiction Is Not Proper Under CPLR 302(a)(3)

Although Plaintiff continues to rely on CPLR 302(a)(3) as a basis for long-arm jurisdiction, *see* Opp. Br. 9, Plaintiff fails to address how either Plaintiff or nominal Defendant Star Bulk, foreign entities whose principal places of business are not in the United States ()

---

[6] Plaintiff's suggestion that the Individual Defendants and the Entity Defendants have not complied with their discovery obligations, *see* Opp. Br. at 2-3, is without merit.  The Individual Defendants and the Entity Defendants have timely responded and objected to Plaintiff's discovery requests and interrogatories – many of which were wholly inappropriate.  Plaintiff has not raised any dispute concerning this issue with the Individual Defendants and Entity Defendants, or the Court.

9

suffered any injury as a matter of law *in New York*. *See* Mov. Br. at 20-21. Jurisdictional discovery cannot change this result.

## II.

### PLAINTIFF CANNOT CURE DEFECTIVE SERVICE MORE THAN 120 DAYS AFTER THE FILING OF THE COMPLAINT

As set out in the declarations of the Service Defendants, none of the Service Defendants are employed by, or have any ownership or operating interest in, non-party Star Bulk (USA) LLC. *See* Mov. Br. at 22 (citing Petros Decl. ¶ 5; Milena Decl. ¶ 6; Softeland Decl. ¶ 6; Capralos Decl. ¶ 5; Erhardt Decl. ¶ 6; Zavvos Decl. ¶ 4). Nor has any of the Service Defendants designated an agent for service in New York or authorized an employee of non-party Star Bulk (USA) LLC's New York office to accept service of process on their behalf. *Id.* (citing Petros Decl. ¶¶ 4-5; Milena Decl. ¶¶ 5-6; Softeland Decl. ¶¶ 5-6; Capralos Decl. ¶¶ 4-5; Erhardt Decl. ¶¶ 5-6; Zavvos Decl. ¶¶ 3-4). Star Bulk USA is simply not any of the Service Defendants' "actual place of business" within the ambit of CPLR 308(2). Plaintiff does not make any attempt to contest or rebut these facts. On this basis alone, service was improper. *Id.* at 22-23 (citing *Lorensen v. Digman*, No. 97 cv 0997, 1998 U.S. Dist. LEXIS 861, at *4-5 (N.D.N.Y. Jan. 27, 1998)).

Perhaps implicitly recognizing the problem with its purported service, Plaintiff claims that it "has undertaken measures to serve the Service Defendants *yet again* in the countries in which they respectively reside," and claims it can do so now because "the 120-day deadline to serve process on a defendant in the United States proscribed by Fed. R. Civ. P. 4(m)" does not apply to foreign defendants. Opp. Br. at 11. Plaintiff is only half-right, and ultimately wrong.

10

Although Rule 4(m) does not apply to service in a foreign country, the Second Circuit applies a 120-day time limit on service of foreign defendants where a plaintiff has not attempted to serve the defendant abroad. *See, e.g.*, *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 739 (2d Cir. 1985) (affirming dismissal for insufficient service and noting that the "foreign country exception to the 120-day period for service, is simply inapplicable here, because [plaintiff] never attempted to serve process in a foreign country"); *Yellowave Corp. v. Mana*, No. 00 Civ. 2267 (SAS), 2000 U.S. Dist. LEXIS 14813, at *6-7 (S.D.N.Y. Oct. 11, 2000) (dismissing complaint for lack of service within 170 days of complaint being filed and noting that "plaintiff does not have unlimited time in which to serve" a foreign defendant). The "flexible due diligence standard" simply does not apply unless the plaintiff has been using "diligent efforts to effect service" in the foreign country. *See Aqua Shield v. Inter Pool Cover Team*, No. 05-cv-4880-CBA, 2007 U.S. Dist. LEXIS 90318, at *5 (E.D.N.Y. Dec. 7, 2007).

Here, Plaintiff filed the Complaint in New York State Court on October 23, 2014. The case was removed to this Court on November 24, 2014. Thus, the 120 days expired no later than March 24, 2014. Plaintiff was notified as early as January 5, 2015, when the Service Defendants sent Plaintiff their pre-motion letter, that they contested service at the New York offices of non-party Star Bulk (USA) LLC. Yet, it was only months later, in its Opposition Brief dated April 17, 2015, that Plaintiff claimed to be taking steps to serve these defendants abroad.[7] Under these circumstances, the "flexible due diligence standard" does not apply, and the time to

---

[7] Lest there be any doubt, Plaintiff did not claim, in its January 26, 2015 pre-motion letter to the Court (ECF No. 30), that it was attempting service abroad, but rather, that "F5 still has time to correct any defect in service." Notably absent from the Declaration of Benjamin Kaufman, dated Apr. 17, 2015 (ECF No. 75), submitted in connection with Plaintiff's Opposition Brief, is any statement as to when Plaintiff first began the process of effecting service abroad pursuant to the Hague Convention.

serve has expired.  *See Montalbano*, 766 F.2d at 739; *Yellowave*, 2000 U.S. Dist. LEXIS 14813, at *6-7.

## CONCLUSION

For the foregoing reasons, those in their Moving Brief, and those set out in the Joint Motion to Dismiss filed on behalf of all Defendants, the Individual Defendants, the Entity Defendants and the Service Defendants respectfully request that the Court dismiss the Complaint with prejudice as to them and grant them such other, further and different relief as the Court deems just and proper.

New York, New York
May 8, 2015

                                          Respectfully submitted,

                                          **SEWARD & KISSEL LLP**

By:    /s/ Bruce G. Paulsen
         Bruce G. Paulsen
         Jeffrey M. Dine
         Michael B. Weitman
         Julia K. Tebor
         Bailey A. Smith
         One Battery Park Plaza
         New York, New York 10004
         (212) 574-1200

*Attorneys for Defendants Petros Pappas, Milena Maria Pappas, Tom Softeland, Spyros Capralos, Koert Erhardt, Stelios Zavvos, Star Synergy LLC, Star Omas LLC, Oceanbulk Carriers LLC, Millennia Limited Liability Company, Millennia Holdings, LLC, Mirabel Shipholding & Invest Limited, Mirach Shipping Company Limited, Bluesea Invest and Holding Limited, and Heron Ventures Ltd.*

SK 25767 0008 6561916

12