# WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

**Providing Exemplary Legal Service Since 1888**

**MARK C. RIFKIN**
DIRECT DIAL: 212-545-4762
FACSIMILE: 212-545-4653
rifkin@whafh.com

270 MADISON AVENUE
NEW YORK, NY 10016
212-545-4600

SYMPHONY TOWERS
750 B STREET - SUITE 2770
SAN DIEGO, CA 92101
619-239-4599

55 WEST MONROE STREET – SUITE 1111
CHICAGO, IL 60603
312-984-0000

August 28, 2015

**Via ECF and Email**

The Honorable Analisa Torres
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

Re: *F5 Capital* v. *Pappas et al*, No. 1:14-cv-09356-AT

Dear Judge Torres:

Pursuant to Your Honor's Individual Rules of Practice in Civil Cases § I(A) and as set forth in the Civil Case Management Plan and Scheduling Order ("Scheduling Order"), the plaintiff in the above-referenced matter F5 Capital ("Plaintiff") submits this letter motion to modify the Scheduling Order and set aside the date for the conclusion of all class certification and fact discovery currently set for October 2, 2015. Plaintiff respectfully requests that the conclusion of class certification and fact discovery be extended to six months beyond the entry of the pending decision on the motion to dismiss. Defendants do not object to this request.

*Relevant Background*

This action was removed to federal court on November 24, 2014. An initial pretrial conference was held on February 5, 2015, and on that date, this Court entered the Scheduling Order (Dkt. No. 37), which set the completion of all fact discovery for October 2, 2015. On March 4, 2015, Defendants moved to dismiss the complaint (Dkt. 45, 49, 63). On April 17, 2015, Plaintiff opposed the motions to dismiss (Dkt. 72, 73, 74), and Defendants replied on May 8, 2015 (Dkt. 82, 84, 85). The motions to dismiss are still pending. There have been no prior requests for adjournment or extension of the discovery deadline in this action.

*Good Cause Exists for Modifying Scheduling Order*

This case is a particularly complex matter involving international companies with discoverable materials across the globe. Plaintiff maintains the bulk of its documentation in Taiwan. As noted by this Court in the Scheduling Order, "Discovery in this case may be complicated by the need to depose some witnesses outside the United States." Similarly, much

1

of the discoverable materials are held overseas and have required, and continue to require, extensive resources to review for relevance and privilege by counsel.

Plaintiff's discovery obligations in this case are further complicated by a Court order entered in a bankruptcy matter involving a different company which may require Plaintiff to withhold certain categories of documents from production. Plaintiff has sought clarification of this order from counsel in that action and a motion for clarification of the Court's order is *sub judice*.

Because discovery in this matter is particularly labor intensive, requiring, *inter alia*, the collection and review for responsiveness and privilege of hundreds of thousands of documents located outside of the United States, Plaintiff contends that there is no reason to continue to expend enormous resources responding to discovery requests which could become moot in part or in whole following an adverse decision on the pending motions to dismiss. Moreover, it will be an enormous waste of the parties' time and resources to conduct depositions, many of them abroad and at great expense, without a decision from the Court as to whether all the claims – involving three distinct transactions – will survive. Accordingly, Plaintiff requests, and Defendants do not oppose, a stay of all fact discovery, merits or otherwise, pending the resolution of the pending motions to dismiss.

*Requested Relief*

Plaintiff seeks modification of the Scheduling Order to set the date for completion of fact discovery to six months after the pending decision on the motion to dismiss (the "Modified Fact Discovery Deadline"). Changing the fact discovery will adjust the time schedule as indicated on the Scheduling Order as follows:

a. Depositions are to be completed by the Fact Discovery Deadline (Scheduling Order 6(c));
b. Requests to Admit are to be served no later than thirty days prior to the Modified Fact Discovery Deadline (Scheduling Order at 6(d));
c. Expert resumes and reports must be exchanged no later than forty-five days after the Modified Fact Discovery Deadline (Scheduling Order at 7(a));

As the new proposed dates for the above events, as well as the completion of class and fact discovery, will be unknown until the resolution of the pending motions to dismiss, Plaintiff requests that it be permitted to submit a revised scheduling order pursuant to Section I.D of the Court's Individual Practices within five business days of a ruling having been issued for each pending motion to dismiss.

Plaintiff's counsel are available at the Your Honor's convenience should you have any questions.

Dated August 28, 2015                              Respectfully submitted,

/s/ MARK C. RIFKIN
Mark C. Rifkin, Esq.
Benjamin Y. Kaufman, Esq.
Michael M. Liskow, Esq.
WOLF HALDENSTEIN ADLER
   FREEMAN & HERZ LLP
270 Madison Avenue
New York, NY 10016
(212) 545-4600

*Attorneys for Plaintiff F5 Capital*